Case number 20-1712 Hakeem Lowry v. Southfield Neighborhood Revita et al. Oral argument not to exceed 15 minutes for the plaintiff, 15 minutes to be shared by defendants. Mr. Smith for the appellants. Good morning. Good morning, your honor. I'm Scott Smith. I represent the appellant plaintiff in this matter. This case involves whether a property tax judgment of foreclosure can be avoided under Section 540A1B of the Bankruptcy Code as a constructively fraudulent transfer. This tax foreclosure occurred, actually it's just a judgment of tax foreclosure, occurred under an amended provision, occurred prior to the amended provision of the Michigan General Property Tax Act. And the provisions that are concerned with this case were declared unconstitutional and the statute was amended last year, that's MCL 211.78A, and that was a Michigan Supreme Court case, Raffaelli. So, there was a judgment of tax foreclosure. Mr. Smith, that's interesting. Is there an issue about the constitutionality of the actions in this case? I would say indirectly there is, because when I get into my substance of my tax foreclosure under Michigan law, the fact that the procedure that was used here is now unconstitutional because under the procedure, both under the General Property Tax Act in a regular foreclosure, and in this case where they used the right of first refusal, there was no sale, no auction, and no ability whatsoever for the property owner to get any of his excess equity. Sure, but there's not a direct constitutional challenge in this case, is there? Not in this case, but there are other cases before the Sixth Circuit that there may be, that I'm involved in and I'm aware of, but I'm not. The essence of this case is the interplay between federal bankruptcy law and a state tax foreclosure judgment. Which does not allow, which has no sale, no auction, no means in any way of the property owner getting any of the excess value. Okay, so we're dealing with the old tax foreclosure statute. Does the new tax foreclosure statute have an auction provision? It's, in my view, it does, although it could be more, I think it's convoluted, still not fair. Is it mandated in the new one or not? No, the new General Property Tax Act provides, up until December 23rd of 2020, when the law was changed as an amended Tory Act in reaction to the Raffaelli case, the Michigan, under Michigan takings law, what would happen is there would be a foreclosure and then the, in the normal sense, the county would auction the property and keep all the money. That was declared unconstitutional. And also, but in this case, the city was allowed to get the property for the unpaid taxes. It's called a, it was called a statutory right of first refusal. Do they still have that in the new law? That's what I'm asking. They do, but they have to pay fair market value. Under the old law, this case wouldn't happen under the new law. But you agree 548 doesn't require fair market value? No, it requires reasonably equivalent value. And we agree, you agree that's different than fair market value, right? Um, it's a matter of degree. It may be, I think a lot of cases say the starting point is fair market value. But if you actually have a market. Well, what is, why don't we talk about the Supreme Court? BFP said it's different, right? BFP applied only to mortgage foreclosures. BFP, there was a market. I understand that, but what BFP interpreted was reasonably equivalent value. I agree with that. And it said it's not fair market value. Am I wrong? It said it may not be fair market value. There's other cases that say you, start with fair market value. But there at least has to be some kind of market or some kind of procedure where you can get some kind of reasonable value. I would say, I would say the law, although there's no, not much Sixth Circuit guidance, but looking at cases from across the country that, especially in the first, second, and third circuits that they say that you have to get some kind of reasonably equivalent value. Now, if the state procedure permits an auction process where there's actual bidding, just because that's less than fair market value, that would be probably the amount that would not be overturned by a court, is my view. I mean, there's several recent cases that, a case that's very informative, which is fairly recent, is in the Second Circuit called, it's called the Pryor versus the Town of Smithtown. Mr. Smith, this is Judge Rogers. Are you still talking about the second issue? The BFD issue or BFD issue? Yes, but Smithtown covers both the Rooker-Feldman issue and... Right. There's three issues you raise, and I think I understand your argument with respect to the first two. So if I could ask briefly about the third issue, that would be helpful to me. I don't mean to tread on my other colleagues. So we'll assume for the moment that you're right on the first two issues. There's still a third way that you might lose that was relied upon by the district court, and it had to do with when right to cure is cut off or right to fix things is cut off. And your brief in that regard is just two or three pages, and basically it says the time limit is the two years contained under Section 548. The only case that I'm seeing your opponent cite to the contrary that actually deals with 548 is this Pickett case, Eastern District of Michigan. Are you familiar with that case? That's their main citation in connection with that third issue. It's their citation, I believe. Do you just disagree with that case? I mean, it's a district case, or do you agree with it? Well, I don't think it's applicable to... I'm asking whether it's correct or not. Well, maybe you'd like to answer that on rebuttal if you're not sure. I don't remember the exact facts of the Pickett case because I didn't think it was applicable to the argument. In that vein, what about 32C1, which says a default with respect to or gave rise to a lien on the debtor's principal residence may be cured under paragraph three or five of subsection B until such residence is sold at a foreclosure sale that is conducted in accordance with the applicable non-bankruptcy law. So why isn't your time out because it was sold at a foreclosure sale that is conducted in accordance with applicable non-bankruptcy law? Well, at the most basic level, there was no foreclosure sale. There was a judgment of foreclosure. This relates to... Well, isn't there a tax foreclosure and doesn't that in effect amount to a sale? I don't think so as the way that it's used in this statute. Do you have any case law for that? No, and I don't think either does the bankruptcy court. He was talking about the land contract and he's trying to make it into an in-rate land case. The most basic distinction is when you have a mortgage foreclosure under Michigan law, there's bidding. There might only be the bank that bids. Yes, but Mr. Smith, the section we're such residence is sold at a foreclosure sale, so it's not limited to a mortgage foreclosure, is it? Well, not specifically, but... Well, not specifically, so it says foreclosure sale. I assume that would include a mortgage foreclosure sale or a tax foreclosure. Well, you know, there's 50 states. Both the mortgage foreclosure laws and the tax foreclosure laws are slightly different. This is supposed to cover... Sure, and that's why it refers to applicable non-bankruptcy law in accordance with it. So, I mean, it's referring to state law. Well, first of all, the applicable non-bankruptcy law has been abrogated. It's unconstitutional, so that doesn't seem to be a very good argument. But the problem is you haven't raised the constitutional issue here, and that was my original question. I said, does this case have an issue of the constitutionality of the procedure that was invoked? And I thought your direct issue. It's tangential as to the second issue, but it's just tangential, really. I thought that was your answer. Well, but the idea behind this goes back to the case of In re Glen, where you're trying to cure a mortgage. You're trying to cure a defaulted mortgage. In this case, it's not necessarily the same. What we're focused on is getting the $150,000 of extra value back. This could be done without curing it over time or using a Chapter 13 plan. This provision was what gave rise in the mortgage context. There was really, when the first transfer happened, there was really no money that was changed hands, and there's really, there doesn't have to be anything to cure. We're talking about an avoidance action, not trying to, and that that did not give reasonably equivalent value. We're not trying to cure like a mortgage. And this, the whole concept is related to whether the cure has to be, or do you have to file the bankruptcy before the sale date, like an In re Glen, or whether you could do it before the redemption date, which the court said no 30 years ago, too. But this is a different situation. And there's, there's no... Glen did not involve 548, right? What didn't involve 548? Glen case did not involve 548. Is that correct? Which case? The land case? I thought you were talking about the Glen case. Oh, I'm sorry. I didn't hear you. The Glen case did not involve 548. But it's not the same situation. Mr. Smith, isn't 1322 C1, the more specific provision of the bankruptcy code, because it statute is a general provision. But 1322 C1 is specific as to the debtor's principal residence. So why should we not focus on that? No, no court has ever said that the two statutes are in conflict. I don't, they're like comparing apples and orange. And even... Shouldn't they be read together? Shouldn't they be harmonized if they can be? If they can, but what I'm saying is that the facts in this case have nothing to do with such... It has everything to do with your debtor's principal residence, does it not? I mean, that's where the claim you've lost your money is through the sale of it when you had equity in it. When they revised the bankruptcy code, I believe in 1978, they put in a couple provisions in chapter 13, which gave the treatment to someone's principal residence that was different than a commercial mortgage. This has really nothing to do with trying to cure a tax sale over time. And it assumes that there becomes a point where a redemption, a significant constitutional redemption period runs. And in this case, and that someone had the right to get some value from a foreclosure sale. In this case, they completely, there was no ability to get any of the equity by definition in the foreclosure sale. In this statute, it assumes that someone has some means, whether a redemption period or through a cure, to get some of the value of their house or to save their value. Okay. All right. You've reserved four minutes rebuttal. You could use it right now, or you could, you can save it. Well, I would save it. Okay. Any further questions at this point, Judge Rogers, Judge Clark? No. Okay. Let's hear from the Appalese. Not sure which order you want to go in, but whatever, let's hear from the Appalese, attorneys for Appalese. Good morning, your honors. Attorney Matthew Nichols, appearing on behalf of the Appalese Southfield Neighborhood Revitalizing Initiative, who I will be referring to as SNRI to shorten oral argument. First, I'd just like to let the panel know that it's an honor and a privilege to be before such an esteemed court today. I appreciate the opportunity. As the panel had mentioned just previously, I think the first point I'd like to make is what the bankruptcy court judge ruled is essentially the practical effect of filing a chapter 13 and asserting a five, a claim under 548 to avoid a tax foreclosure long after the redemption rights of the prior taxpayer had expired. The redemption right in this case is a creation of state law under MCL 211.78K. And once that redemption right expires under the bankruptcy code, it cannot become property of the bankruptcy estate. Upon filing of a chapter 13 or bankruptcy petition, of course, the property of that debtor becomes property of the estate. That would include any redemption rights to real property that the debtor may hold at that time. However, by the time that Mr. Lowery in this case had filed bankruptcy, that redemption right had long expired. I believe that with this claim, the plaintiff is attempting to seek federal intervention to recreate or restore an expired state statutory right of redemption. And that goes against the general premises of the bankruptcy code under section 541 as to what property and rights held by the debtor can become a property of the bankruptcy estate. As the court noted, the case of Henry Pickett, which is at 325BR579, an Eastern District of Michigan case from 2005. I think that court's ruling is correct in the context of a preferential transfer. And I think that the court's ruling also applies to a case asserting a claim under section 548. Both Henry Pickett and this case involved a tax foreclosure. The only difference was the section of the bankruptcy code that was asserted in an attempt to unwind or void that transfer to bring the property back to the bankruptcy estate. And the court in Henry Pickett held that the redemption rights had been long expired. There was no right that could be brought into the bankruptcy estate. I think that that case, again, could equally be applied to that plaintiff's claim under section 548. Now, counsel, this is Judge Rogers. I basically have one concern about this case. I want to think, let's assume that Rooker-Feldman doesn't apply and that BFP doesn't apply. And that we're just relying on the third rationale of the bankruptcy court. All right, or just look at that. Is that all right? Can we do that for a moment? Absolutely. Okay. Here's what I'm wondering. If somebody owned property and sold it for much less than it's worth, and doesn't have any retained right to buy it back or whatever, it's sold to that and do with the property what he will, because it's his property under my hypothetical, right? But doesn't 548 say that if it happens that when you sold it, or when the seller sold it, he was insolvent, and if he declares bankruptcy within two years of that sale, they can avoid that sale. Even though it was a full sale with no hope of redeeming it, it was their property, but they can lose it and the sale can be avoided under 548. Isn't that how 548 works? My example has no mortgage involved. Right. So I think the context and the facts of each case are important. Okay, but what's the answer to my hypothetical? Well, your honor, in the context of a tax foreclosure, I think that if the... That wasn't my example. I'm giving another example. He sells the case for less, he sells the house for less than it's worth, and then he goes bankrupt. But before he goes bankrupt, he sells the house, the person who bought the house owns the house completely free and clear, doesn't he? I would think under that hypothetical, yes, but I think the... The point of thought fraudulent conveyance is, if it happens that the seller was insolvent at the time and the sale price of the house was less than its worth, he may have sold it to some charity for 10% of its value because he loved the charity. I don't know. If those two things happen, then under the constructive fraudulent conveyance, that can be avoided, right? Or not? Well, I think it depends on the intent and the context of the transaction. Well, you have to meet the requirements of 548. 548 has some requirements, but one of them isn't. For constructive fraudulent conveyance, you don't have to have the bad intent, right? You just give it, you just lose it. Correct, your honor. And the value was less and you were insolvent. But you can be in perfectly good faith and still have constructive fraudulent conveyance. Is that right under the statute? I'm just trying to understand this. I mean, I think you have a sympathetic argument, but I'm having trouble getting over this one hurdle, so you have to help me over it. Okay, your honor. And I think the answer lies in 11 U.S.C. 550, which is a liability of a transferee of avoided. And under subparagraph B, this statute states that the trustee may not from one, a transferee that takes for value, including satisfaction of securing of a present or antecedent debt in good faith and without knowledge of the void ability of the transfer, or in subparagraph two, any immediate or immediate good faith transferee of such transferee. So cited in your case, in your, in your, in your, in your brief, I believe it may have been referenced at, at one point. I don't think it was a focal point of the brief, but I think with, with this section of the code, you have to look into these additional factors, not just that the transfer was made and not just that there's a claim that reasonable equivalent value was not obtained. This is an exception to 548 then? Yes. So 550 qualifies 548 and deals with this situation? Because 550, without the statute that is new to me, I hadn't thought about it. I'm not sure it was drawn to my attention. Maybe that's a fault of the other side. I don't know. It, the 548 seems to say all you need is that you receive less than reasonable equivalent value and you are insolvent on the date. If you have both of those things, then the, then the trustee can avoid that, even though without both of those things, they own it completely. There's no redemption, right? There's no qualified retained right to back if they feel like it or anything like that. It's their property. But you're saying 550 qualifies 548. I'll have to look at it and see if it does. Yes. I believe it's, it's typically brought up and as a defense to these claims and where we're at here procedurally, the bankruptcy court adjudicated the case on a motion to dismiss. So the lower courts never got to this specific defense, the specific facts that value was given in exchange for the property. Wouldn't that have been a more relevant way of dealing with this than to say that, you know, to address directly whether 548 applies than to say that it doesn't apply because of, of redemption rights having expired. It's just hard for me to see how, whether redemption rights have expired has anything to do with 548. You're now saying that some, something else gets in the way of applying 548. But the district court's rationale was that, was that, was that these redemption rights not having, having expired gets in the way of 548, which to me is incoherent. Well, I think they, in the context of a tax foreclosure, considering state law and the issue of whether the rule in BFP versus resolution trust should apply to the tax foreclosures comes at play and the issue. I'm assuming you lose on the BFP issue. Okay. But with the redemption rights, one thing I think it's worth noting in the context of a tax foreclosure, unlike other states where a council has briefed that say 548 can avoid a tax foreclosure. Many of those cases, the state tax foreclosure law is a lien system. Michigan's is a tax deed system. And what's important about Michigan's tax deed system is the right of redemption. And the most important part of that redemption right is that it's also a marketable right. And it's a right that the prior taxpayer has for approximately two and a half years prior to a judgment of foreclosure being entered. And with that redemption right, they can not only use it to redeem the property entirely from the county foreclosing governmental unit, but they can use it to obtain financing for the property for redemption. They can also use it to market the property itself to sell the property for what the plaintiff in this case is arguing. I didn't get reasonable equivalent value because the city exercised its right of first refusal. So the sat on that right, did not use that right as he could have, and is now trying to assert that because he didn't use that right that is afforded to him under Michigan law, that the tax foreclosure and the city's right of first refusal should be unwound. I think that is... How does that fit with the theory of constructive fraudulent conveyance? I mean, the whole concern about constructive fraudulent conveyance is that he's giving the property to somebody he prefers get it to his creditors. He's letting someone else get it that he'd prefer to get it than his creditors, but that seems unfair to the creditors. So to say that this is a way in which he can give the property to the purchaser and forego your redemption rights doesn't get at the underlying reason for fraudulent conveyance, which is designed to keep him from preferring somebody other than his creditors. Are you with me? Your Honor, I am. And I agree with you to the aspect that the purpose of the fraudulent conveyance laws is intended to protect unsecured creditors from the fraudulent conduct of the debtor in transferring property for less than equivalent value in order to bring that property back into the estate for the benefit of the creditors. Even if it's completely out of the absent 548 because all the redemption rights have been waived or been filed or whatever, that's all done. It's all transferred according to state law properly to the other person. Then bankruptcy law comes in and says, well, yeah, but the trustee and I guess the debtor as well under the statute can undo that even though it was all final and all the redemption rights failed. It's all final. He can do it if he does it, if two reasons. If it's within two years and if he was insolvent at the time that he conveyed it. They're saying if those two things are present, then this thing otherwise final becomes unfinal. Am I reading the statute wrong? Doesn't it say that? Or you're saying 550 undoes that? I have to go look at 550. But apart from 550, how can you say that? I think that's why this issue is being tackled by not only this court, but several other courts. Going into the BFP opinion, the concern that whether or not there should be some sort of a federally created cloud on title based on operation of the bankruptcy code as opposed to looking at property rights which are created by state law and in the context of tax foreclosures, the state law that governs the debtor's obligation. I understand that and I'm sympathetic with it, but I wonder how you distinguish what you conceded at the very outset, which is that it's exactly what happens in my example. You give away something for less than value. You happen to be insolvent at the time under state law. The seller owns the property. But if you meet the two requirements of the bankruptcy law, oops, it gets avoided. Why isn't that just as contrary to expectations under state law as what you're describing? It seems to me that's the whole idea of this constructive fraudulent avoidance statute is that we're doing what otherwise is final under state law. I don't believe that there is legislative intent or history showing that this law was intended to be used as a sword to recover lawfully foreclosed property on the basis of non-payment of taxes. I understand that's the answer, but how the argument that it's no different from a transfer, an ordinary transfer, as opposed to, sure, it's different to transfer something by failing to pay your taxes and then having the state take it and maybe give it to the city and maybe you love the city of Southfield and you're happy to, you'd rather have the city of Southfield get it than your creditors. If I lived in Southfield, I might feel that way. Why is that any different from just selling it cheap when you're insolvent? Under state law, the purchaser gets it unless you meet those two requirements of 548. Anyway, that's the hurdle that I'm facing. If you can address that, I don't want to take everybody's time. Your Honor, I think, as you mentioned, a transfer is a transfer. My response to that point is yes, a transfer is a transfer, but I still think the context of each transfer makes each transfer individually unique, similar to the uniqueness that courts give to the effect of real property. So we should have a special interpretation of 548 in the context of transfer of your home? Well, I think the cases that address the question of whether the rule in BFP should apply to tax foreclosures goes directly to that question. Yeah, but I'm assuming you lose on the BFP issue. Well, I don't say that you lose. I'm just for analyzing this issue, I want to assume for the moment that you would lose on the BFP issue. Well, anyway, that's my question. I think I thank you, Your Honor. All right, Mr. Nichols, you're way out of time, but you've spent your time answering our questions. If you want to just summarize your arguments, I'll give you just a few minutes. Judge DeBar, did you have a question? I'm sorry. That's all right. I'm okay. Let him summarize. Thank you. I appreciate the additional time, Your Honors. I will just make one brief point on the Rooker-Feldman that I think is worth noting. This court in McCormick v. Braverman pointed that the inquiry on whether this doctrine should apply, you should look to the source of the injury that the plaintiff is alleging in the federal complaint. And if that source of the injury is the state court decision, of course, Rooker-Feldman applies and prevents lower federal courts from obtaining jurisdiction. But if there's some other source of injury, such as a third party's conduct, which is what counsel for plaintiff is arguing in this case, then independent claims may be asserted. But the opinion in that case mentioned an exception to that rule. And the opinion goes on, and I'll try not to quote but paraphrase, is that if a third party's actions are the product of the state court judgment, then a plaintiff's challenge to those actions are in fact a challenge to the judgment itself. If we look at this case, the source of the injury must be the foreclosure judgment, because that was the judgment that divested Mr. Lowery of all prior rights, title, and interest to the property. In his adversary complaint, Mr. Lowery complained of third party actions, specifically the Oakland County Treasurer conveying the property to the city, the city then conveying the property to SNRI. But all of those actions were a product of the state court judgment of foreclosure and were lawful actions under the state law. In fact, the Oakland County Treasurer at the time was obligated to offer the property to the city of Southfield pursuant to its right of first refusal in MCL 211.781M. And the city was lawfully entitled to transfer that property to SNRI for a public purpose. That issue was dealt with in prior state court litigation between the parties before the plaintiff or debtor had filed bankruptcy. And I think that the relief requested by the plaintiff in the adversary complaint, it all goes back to the tax foreclosure judgment. He's asking that that judgment be voided, and that SNRI's title to the property be voided, and that title be restored to him. I think under the Rooker-Feldman doctrine, under this case, it's applicable and it was proper of the bankruptcy court and the first appellate court, the Eastern District, to rule in that regard. I would ask that the court affirm the lower court decisions. And I thank you. Thank you, Mr. Nichols. Ms. Calhoun? Yes, Your Honor. Thank you. It's an honor to be here. And Judge Rogers, I wanted to make sure I pointed out that one of the answers to your question is that in the usual fraudulent conveyance section, it is a fraudulent conveyance by the debtor to a third party, a member, or some friend, or something for less than the equivalent value. And it's usually a Chapter 7 trustee, almost always a Chapter 7 trustee, pursuing fraudulent conveyance claims. It's very rarely a Chapter 13 debtor. In this case, I believe the debtor wants to use the fraudulent conveyance law to undo the tax sale and then dismiss his case. He doesn't plan on proposing a plan, I don't think. I don't think he's going to propose a real plan over time. If he does, it's going to be, it's not going to be to repay the taxes, it's going to be to undo the taxes. And one of the questions that's raised in BFB, of course, is that, you know, this is a, you know, Mr. Lowery, the debtor, actually filed his bankruptcy case two years, in fact, actually filed the appeal in this bankruptcy case two years after the tax sale occurred. So what he wants to do is unwind, not only the years that he had, that were sold the taxes, which were up through 2017, but then 2018, 2019. And now here we are in 2021. So we're, we're looking at four years of taxes on top of the taxes that are going to be set aside. So it's going to be an issue. And I don't think that, I don't think that the debtor is proposing to pay the taxes through the plan. I don't know what the debtor is proposing to do there. But that is an issue in this case. But usually the fraudulent conveyance cases deal with a trustee going after the fraudulent conveyance for the benefit of creditors. That's not what's going on here. Because it seems like just saying there's a limit doesn't doesn't seem to incorporate that insight, if you will. Well, I'm saying that the insight should be that I think that, you know, that the province of state, I mean, property rights are generally under the Butner versus United States decision, property rights are defined by state law. And typically, and I think usually, the bankruptcy court has said that the the the insurance of titles and deeds to property has rested with state law. And I think that then, I think that BFP should be applicable in this case, to tax foreclosures. If BFP is not applicable, then we just have to suffer the the abuse of the system? Or is there some hook on which we can base a rejection of 548 here? That reflects your concern without just turning around and saying BFP applies? Well, you understand my question? No, I'm not. I'm not sure I do follow your question. You're the debtor trying to help himself rather than help his creditors. Okay, but then the conclusion you draw is that we should, we should apply BFP. I'm saying if we reject that answer, do we do we then are we then forced by the statute to to reject the other answer? Or you have some other way to to take into account this seemingly strange use of 548? Well, in this case, I actually think that there is an insolvency problem in this case. Could we remain to determine whether he was actually insolvent at the time? Right, we haven't, that hasn't, issue hasn't been raised at the bankruptcy court level yet. Right, but that would be one way to, to, to, I mean, what you say sounds persuasive to me. I just don't know how you, how you trace that through the statute other than accepting BFP and I'm reluctant to risk. I mean, I have difficulty accepting BFP in the context of this case. Well, why should, why should a tax, I mean, the debtor was in tax arrearage here from 2013, paid the 2013s, but didn't pay the 14s, 15s, or 16s. And the tax sale happened in 2017. He had four years there to sell the property and get his equity. He had the time from the time that the tax sale happened. I mean, he had, he had all sorts of time to sell the property and receive the equity. Why, why the, why the federal court should allow taxpayers to use the bankruptcy code to get out of a bad, to get what they think is a bad tax sale when they had, they've had plenty of opportunity to fix the tax sale. My question, I'm sorry to take so long. Maybe I just ask it briefly. Is there a textual basis that reflects that concern? It's in the BFP decision. Okay. Thank you. Okay. Any further questions for Mr. Calhoun, Judge Sipar? No, thank you. Anything further, Judge Rogers? No, thank you. All right. Mr. Smith, you have four minutes rebuttal. Okay. Thank you, Your Honor. Okay. I want to cover four points that were raised by the appellate and by the court. The first one, the court seemed to be troubled that the picket decision somehow undermined, undermined in our case. And I'm, I, I've been looking at the brief by SNRI on page 27 of the brief. And I think the argument just doesn't have any legs for a few reasons that I'll briefly state. First of all, the picket case was a preference case. So it really Shapiro's opinion in that case, which is quoted in the brief on that page. It says what debtor seeks in this plan is to be able to recover possession of the property conveyance debtor to property upon the completion of the plan. The GPTA specifically provides MCLA 211.71 that the owner cannot bring an action for possession of the property against the subsequent owner. And then it goes on to say that his damages that therefore Mr. Pickett's relief is solely for damages for the value of the property. Well, in our case, the remedy may very well be the value of the property, which is provided by code section 550 A, which says the court can make a remedy of when it avoids. See, there's a two-pronged procedure. First you have to avoid it under 548. That's what this case is about. It's not about 550. No one even mentioned 550 in the brief. The bankruptcy court could get to that on remand. And most of Mr. Nickel's issues that have seemed to relate to, well, it's unfair that he should be dragged into this system. Those are 550 issues. So that's one point. I do not think, then, and just to reiterate, time goes fast. In Mr. Pickett's brief for the county, he quotes a case in which he says, as we read it, the statement indicates section 1322 C1 provides a right to cure a home mortgage default until the completion of a foreclosure sale and the state law may provide additional cure rights, which means they're talking about the redemption period. So that theory really doesn't impact our case. And since I'm very short on time, the plan has been confirmed in this case. It addresses the taxes. The taxes will be paid. They've already been paid. There's no current taxes because the SNRI is a charity and has made a tax exempt. The debtor has a right under section 522 H to bring this action. Mr. Kevlin was talking about chapter 7 trustees. It specifically states that. And the issue of the source of injury, that's my final point I have time for, is the source of injury isn't just that there was a judgment of foreclosure. It's that there was no way, there was no competitive bidding. There was no auction. There was no way of any market. If you read Judge Michelson's opinion, she summarizes the case. It's not that it redefines a market. There's absolutely no market in this case. And the statutes which their action was based on are the statutes because they weren't fair because they were a defective procedure. Forget about them being unconstitutional. They were a defective procedure under BFP. And finally, under Michigan law, the source of injury under Raffaele's case where you can't get any equity comes after the foreclosure. It comes at an auction that is provided under MCLA 2.11.78T which is a new provision. All right. Thank you. Thank you, Mr. Smith. Any further questions? Judge Rogers? Judge Spark? All right. Thank you, counsel, for your arguments this morning. The case will be submitted.